UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AL HAUGE. *et al.*,

        Plaintiff,

    v.

ADRIATIC INSURANCE COMPANY, *et al.*,

        Defendants.

_____ /

Case No. 1: 12-cv-02009-BAM

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

### I. INTRODUCTION

Currently before the Court is plaintiffs Al Hauge and Mark Hauge's ("Plaintiffs") Motion for Default Judgment against defendant Amrit Singh, doing business as Megatrux Insurance Services ("Defendant"). (Doc. 32.) Defendant and cross-claimant Adriatic Insurance Company was dismissed from this action on June 4, 2013, and Defendant Singh is the lone remaining Defendant in this action. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and took the matter under submission.[1] (Doc. 35.) For the reasons that follow, the Court DENIES Plaintiffs' motion without prejudice.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this case was assigned to the undersigned on April 4, 2013. (Doc. 24.)

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2012, Plaintiffs filed their complaint against Defendants. (Doc. 1.) Plaintiffs allege they entered into an agreement whereby Defendant would procure insurance for Plaintiffs' "car hauling" business. *Id.* at ¶¶ 9-13. Plaintiffs allege Defendant failed to procure adequate insurance pursuant to the terms of the agreement, and subsequently suffered an economic loss when a hail storm damaged one of Plaintiffs' delivery trucks and six automobiles being transported. *Id.* at ¶ 14. Defendant has not filed an answer to Plaintiffs' Complaint or otherwise made an appearance in this action.

On March 15, 2013, Plaintiffs requested an entry of default against Defendant, which was entered by the Clerk of Court on March 18, 2013. (Doc. 13, 15.) Plaintiffs subsequently moved this Court for an entry of default judgment against Defendant. (Doc. 32.) Plaintiffs' Motion requests a total judgment in the amount of $190,274.00.

## III. DISCUSSION

### A. Legal Standard

Whether to grant or deny default judgment is within the discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Regarding the last factor, a decision on the merits is impractical, if not impossible, where defendants refuse to defend.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978). While factual allegations concerning liability are deemed admitted upon a defendant's default, the

court does not presume that any factual allegations relating to the amount of damages suffered are true. *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. The court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence. Fed. R. Civ. P. 55(b)(2)(C); *Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.,* 826 F.2d at 917-18.

**B.      Service of Plaintiffs' Complaint Was Proper**

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of Plaintiff's Motion for Default Judgment. *See Katzakian v. Check Resolution Service, Inc.,* No. 10-cv-00716-AWI-GSA, 2010 WL 5200912, *2 (E.D. Cal. Dec. 15, 2010). Under Fed. R. Civ. P 4(e), Plaintiff can affect service on Defendant in one of the following ways:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Service of Plaintiffs' Complaint was proper pursuant to Fed. R. Civ. P. 4(e)(2)(A). *See,* Doc. 14, Attach. A. Defendant was personally served at 1415 Badger Flat Road, Los Banos CA 93635, which is listed as a recognized address for Defendants with the Better Business Bureau.[2] Moreover, Plaintiffs have submitted evidence demonstrating they have been in contact with Defendant, provided Defendant extensions to respond to Plaintiffs' Complaint, and that Defendant has actual notice of this action. *See,* Doc. 12, 33, Attach. 3. Accordingly, Defendant was properly served under Fed. R. Civ. P. 4(e)(2)(A).

---

[2] *See,* http://www.bbb.org/central-california/business-reviews/insurance-companies/mega-trux-insurance-services-in-los-banos-ca-89044492/directions#

3

**C.     Plaintiffs Have Failed To Demonstrate the Requested Damages Are Supported By the Evidence**

Plaintiffs are required to prove all damages sought in the complaint. Additionally, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c); *Philip Morris USA Inc. v. Banh*, No. 03-cv-4043 GAF (PJWx), 2005 WL 5758392, at *3 (C.D. Cal. Jan. 14, 2005). In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2); *See Philip Morris USA*, 219 F.R.D. at 498. Default judgment should not be granted when a moving party has failed to adequately establish the basis for the requested relief. *See Adams v. U.S.,* 2008 WL 3244149 (E.D. Cal. 2008) (Denying a motion for default judgment where the plaintiffs had failed to establish an adequate measure of damages by way of default). Furthermore, punitive damages cannot be awarded absent an evidentiary showing. *See Dolphin v. Ruiz*, 2008 WL 4552940 (C.D. Cal. 2008) ("As a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed.R.Civ.P. 55(b)(2) because they clearly are not liquidated or computable.") (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142 (3rd Cir. 1990).

Similarly, with respect to a request for attorney fees, "block billing" or failing to specify the amount of time spent on each task makes it impossible to determine if the requested fees are reasonable. *Welch v. Metropolitan Life Ins*., Co., 489 F.3d 942, 948 (9th Cir. 2007). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Plaintiffs fail to demonstrate they are entitled to the damages requested in their Motion. The substance of Plaintiffs' Motion is less than one page, does not contain a request for any relief, nor does it articulate any facts or legal arguments supporting Plaintiffs' damage request. Plaintiffs' Motion refers this Court to several affidavits and exhibits attached to the Motion. The affidavits, however, contain less than one page of substance and do not provide a basis for the damage requests.

Similarly, Plaintiffs' exhibits fail to substantiate Plaintiffs' damage request. Plaintiffs' Exhibit A is a lengthy medley of various bills, statements and excel spreadsheets untethered to any specific damage estimate. The Court will not scour though a hodgepodge of unorganized documents to substantiate Plaintiffs' claims.

Plaintiffs' Exhibit B appears to summarize the contents of Exhibit A, however, the damages requested in Exhibit B lack evidentiary foundation. For example, Plaintiffs claim "Loss Profits (Direct Consequential Damages)" in the amount of $59,194.00. Plaintiffs apparently arrived at this amount through a random sampling methodology. *See,* Doc. 32, Attach. 4. However, the Court cannot discern how this sampling was conducted, the reasonableness of the methodology chosen, or the veracity of any of the variables utilized. Plaintiffs offer no declaration or explanation of how these damages were calculated; rather, Plaintiffs provide what appears to be a condensed summary of the sampling results. Plaintiffs' Exhibit B is insufficient to substantiate their request for "Direct Consequential Damages."

The majority of the damages requested in Exhibit B lack both evidentiary foundation and legal justification. Plaintiffs request "[i]ncidential [d]amages" for "[l]ost goodwill, damaged credit, interest & fees to creditors, shuttering & restarting business" in the amount of $50,000.00. However, Plaintiffs offer neither evidence nor argument to substantiate this request. Similarly, Plaintiffs request $60,000.00 in punitive damages without explaining why such damages would be appropriate. Additionally, Plaintiffs appear to request attorney's fees and costs, but fail to specify the amount of such fees and costs, or how Plaintiffs arrived at such a figure.

## IV.  CONCLUSION

Plaintiffs' Motion does not present sufficient facts, evidence, legal analysis or specificity to support Plaintiffs' Motion for Default Judgment. Based on the foregoing, the Court DENIES Plaintiffs' Motion for Default Judgment without prejudice.

IT IS SO ORDERED.

Dated:   **October 10, 2013**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE