UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL HAUGE, MARK HAUGE,<br><br>                Plaintiff,<br><br>        v.<br><br>ADRIATIC INSURANCE COMPANY, *et al.*,<br><br>                Defendants. | Case No. 1: 12-cv-02009-BAM<br><br>**ORDER ON PLAINTIFFS' COUNSEL MOTION TO WITHDRAW** |

## I. INTRODUCTION

Counsel for plaintiffs Al Hauge and Mark Hauge filed a Motion to Withdraw as counsel of record on March 5, 2014. (Doc. 37.)[1]  The motion was served on plaintiffs at the last known address for plaintiffs. No opposition to the Motion was filed. The Motion was heard on April 18, 2014, at 9:00 AM, before the United States Magistrate Judge Barbara A. McAuliffe. Counsel Jason Green-Lowe personally appeared on behalf of the Plaintiffs. No other appearances were made. Having considered the moving papers, argument presented at the hearing, as well as the Court's file, the motion is GRANTED.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this case was assigned to the undersigned on April 4, 2013. (Doc. 24.)

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2012, Plaintiffs filed their complaint against Defendants. (Doc. 1.) Plaintiffs allege they entered into an agreement whereby Defendants would procure insurance for Plaintiffs' "car hauling" business. *Id.* at ¶¶ 9-13. Plaintiffs allege Defendants failed to procure adequate insurance pursuant to the terms of the agreement, and subsequently suffered an economic loss when a hail storm damaged one of Plaintiffs' delivery trucks and six automobiles being transported. *Id.* at ¶ 14. Defendant Adriatic Insurance Co has settled and been released. The remaining defendant has been defaulted.

## III. DISCUSSION

### A. Legal Standard

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D.Cal.1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Local Rule 182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d).

California Rules of Professional Conduct, Rule 3-700(C) addresses permissive withdrawal from a case for a variety of reasons, including the client's insistence that the lawyer present unmeritorious arguments or pursue an illegal course of conduct, the client's breach of a fee agreement, and the client's conduct makes it unreasonably difficult for the lawyer to perform effectively on the

2

client's behalf.  Where withdrawal from a case is not mandatory under the Rules of Professional Conduct, an attorney must ordinarily continue representation despite a case becoming unpleasant or unprofitable.  Here, counsel moves for permissive withdrawal under Rule of Professional Conduct 3-700(C)(1)(d) which provides for withdrawal if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively."  Rule 3-700(C)(1)(d).

In ruling on a motion to withdraw, courts may consider the following factors: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.  *Leatt Corp. v. Innovative Safety Tech.,* LLC, 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010); *Beard v. Shuttermart of California, Inc.,* 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008)).

**B.**     **Analysis**

Counsel's motion to withdraw contains a declaration stating that the client has made it unreasonably difficult for the member to carry out the employment effectively and that there has been a breach of the agreement between the parties.  Counsel has repeatedly attempted to get documents necessary for the representation from the client to no avail.  In the motion, Counsel provided complete contact information for Plaintiff and indicated that the instant motion has been served upon Plaintiffs and Defendants. (Doc. 37).  Counsel also indicates that he orally informed plaintiff of counsels' intent to withdraw.  Plaintiffs have not opposed the motion nor has an opposition by the Defendant been filed.  Based upon the motion and the representations made at oral argument, the Court finds that the attorney-client relationship has fundamentally broken down and good cause exists for withdrawal.

Plaintiffs will not be prejudiced by the withdrawal.  One of the defendants has settled the case and the monies have been dispersed to plaintiffs.  That party, Adriatic Insurance Co., has been released and dismissed with prejudice.  The only other defendant, Singh Amrit, has an entry of default against him.  (Doc. 15.)  Plaintiffs can pursue alternative counsel and prove up their damages against this

3

defendant. Plaintiffs Al Hauge and Mark Hauge are individuals operating under a trade name of "Blue Diamond Transport." Therefore, plaintiffs could be substituted in in pro per.

### IV.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The motion to withdraw as counsel of record by Weltin, Streb & Weltin, LLP, Philip Weltin, and Jason Green-Law is GRANTED.
2. Plaintiffs Al Hauge and Mark Hauge are substituted in in pro per.
3. The last known address of plaintiffs is:  P.O. Box 204; Forest Lake, MN 55025
4. The Clerk of the Court is DIRECTED to serve a copy of this order on plaintiffs Al Hauge and Mark Hauge at this address.

IT IS SO ORDERED.

Dated:   **April 18, 2014**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE