UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL HAUGE, MARK HAUGE,<br><br>        Plaintiff,<br><br>    v.<br><br>ADRIATIC INSURANCE COMPANY, *et al.*,<br><br>        Defendants.<br>_____/ | Case No. 1: 12-cv-02009-BAM<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER |

## I. INTRODUCTION

This matter was set for a status conference for May 29, 2014 at 9:00 a.m. (Doc. 42.) The plaintiffs were informed that at the status conference, plaintiffs Al Hauge and Mark Hauge should be prepared to discuss how they intend to proceed against the remaining defendant. Plaintiffs did not appear at the status conference. The parties have consented to the jurisdiction of the United States Magistrate Judge and this case was assigned to the undersigned on April 4, 2013. (Doc. 24.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2012, Plaintiffs filed their complaint against Defendants. (Doc. 1.) Plaintiffs allege they entered into an agreement whereby Defendants would procure insurance for Plaintiffs' "car hauling" business. *Id.* at ¶¶ 9-13. Plaintiffs allege Defendants failed to procure adequate insurance pursuant to the terms of the agreement, and subsequently suffered an economic

1

loss when a hail storm damaged one of Plaintiffs' delivery trucks and six automobiles being transported. *Id.* at ¶ 14. Defendant Adriatic Insurance Co has settled and been released. The remaining defendant has been defaulted.

The Court denied Plaintiff's Motion for Default Judgment against Defendant Singh on October 10, 2013 for failure to present sufficient facts, evidence and legal analysis. On March 14, 2014, the Court allowed Plaintiffs' counsel to withdraw from the case. On April 18, 2014, the Court set a status conference to discuss how Plaintiffs, proceeding in pro per, intend to proceed against the remaining defendant Singh. Plaintiffs were instructed that if they do not intend on proceeding in this case, they may file a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). In the order setting the status conference, plaintiffs were warned that failure to comply with the Court's order may result in dismissal of their action.

Plaintiffs did not appear at the status conference and did not file any document in compliance with the Court's order.

### III.   DISCUSSION

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since December, 2012. One defendant has settled and the other defendant has been defaulted. Plaintiffs have made no attempt to contact the Court or otherwise comply with the Court's April 2014 order. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiffs. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's order issued on April 18, 2014, expressly stated "Failure to comply with this order may result in sanctions against plaintiffs, including dismissal of this case." (ECF No. 42 (emphasis deleted).) Thus, Plaintiffs had adequate warning that dismissal could result from noncompliance with the Court's order.

For the reasons stated above, this action is DISMISSED based on Plaintiffs' failure to obey the Court's order of April 18, 2014. The clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 29, 2014**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE

3